**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| OMAR ASHANTI JOHNSON, | ) | |
| No. K74565, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-00398-SMY** |
| | ) | |
| HOWARD HARNER, | ) | |
| KIMBERLY BUTLER, | ) | |
| STEVE KEIM, and | ) | |
| IDOC ADMINISTRATIVE STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Omar Ashanti Johnson is an inmate currently housed in Menard Correctional Center. He alleges prison officials at Menard denied him a kosher diet and feast day meal that are required by his religion. Acts of retaliation are also alleged. This action is brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.A. § 2000cc–2.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the Complaint and supporting documentation, Plaintiff practices the Messianic Hebrew faith. In June 2014, Chief Chaplain Keim and Warden Kimberly Butler approved Plaintiff's request to be served a kosher diet in compliance with his religious beliefs. Eight months later, Chaplain Howard Harner notified Plaintiff that authorization for the kosher diet had been withdrawn because, from prison officials' perspective, a kosher diet did not "align" with Plaintiff's "stated religious beliefs and tenets of [his] religious affiliation" (Doc. 1-1, pp. 2-3). Chaplain Harner informed Plaintiff that he could request an alternate diet through the Chaplaincy Department (Doc. 1-1, p. 3).

Plaintiff also takes issue with Harner and Butler denying him a special religious meal for "Pilgrims' Passover" in March 2015—a feast day for worshipers who were away from home. They concluded Plaintiff was not a "pilgrim" because, for the indefinite future, his "home" was prison (Doc. 1-1, p. 9).[1]

Constrained by his religious beliefs, and in need of adequate nutrition and sustenance, Plaintiff was forced to purchase kosher food items from the commissary and to obtain kosher items from other inmates.

---

[1] The Illinois Department of Corrections' own offender tracking record reflecting that Plaintiff is serving a life sentence and is ineligible for parole was cited as the basis for concluding that Plaintiff is not "away from home." *See* Doc. 1-1, p. 10.

Plaintiff appealed the decision to deny him a kosher diet, but Chaplain Harner never responded.  A letter and emergency grievance directed to Warden Butler were to no avail. Plaintiff sent Chaplain Harner renewed requests supported by a detailed explanation of his religious beliefs. Harner responded by explaining that the prison's Chief Chaplain offers recommendations regarding such matters, but it is the Warden who makes the final decision (Doc. 1-1, p. 15).  Harner also issued Plaintiff a purportedly false disciplinary report in retaliation for Plaintiff's persistent requests for a religious accommodation.  Ultimately, Plaintiff's appeal to the Illinois Department of Corrections Administrative Review Board was denied in February 2016.

Plaintiff now sues Chaplain Harner, Warden Butler, Chaplain Keim and "IDOC Administrative Staff" who are not identified by name.  He seeks restoration of his kosher diet as well as compensatory and punitive damages.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  Defendants denied Plaintiff a kosher diet and feast day meal required by his religion, in violation of the First Amendment and RLUIPA;**

> **Count 2:  By denying Plaintiff a kosher diet, Defendants deprived Plaintiff of adequate nutrition, in violation of the Eighth Amendment; and**

> **Count 3:  Defendant Harner issued Plaintiff a false disciplinary report in retaliation for Plaintiff's persistent efforts to secure a religious accommodation, in violation of the First Amendment.**

## Discussion

As a preliminary matter, the personal involvement of the named defendants must be assessed. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Here, the Complaint sufficiently alleges personal involvement on the part of Chaplain Harner, Warden Butler and Chief Chaplain Keim. However, there is no reference within the narrative of the Complaint to named defendant "IDOC Administrative Staff," nor is there reference to any unidentified participants. Individuals referenced in the Complaint and supporting documentation, but not named as defendants, could have been named as defendants but were not. Therefore, "IDOC Administrative Staff" will be dismissed without prejudice. Counts 1-3 otherwise state colorable constitutional claims and shall proceed against Defendants Harner, Butler and Keim.

Finally, the Court notes that Plaintiff has not requested a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65 relative to the *apparently* ongoing denial of a kosher diet and denial of sufficient nutrition. However, in recognition of Plaintiff's *pro se* status, and given the striking similarity between the allegations in this case and the scenarios in *Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008), and *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009), the Court encourages Plaintiff to move for either a temporary injunction or

preliminary injunction if he wants Court intervention prior to the conclusion of this case.  In *Koger*, even though prison officials were correct that the prisoner's religion, as generally practiced, did not have specific dietary rules, the inmate's own sincerely held belief regarding a dietary requirement was protected under RLUIPA and the First Amendment.  *Nelson* also involved prison officials denying a religious diet request based on their own interpretation of how a particular religion should be practiced, rather than focusing on the inmate's religious beliefs and practices.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **IDOC ADMINISTRATIVE STAFF** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** shall otherwise **PROCEED** against Defendants **HOWARD HARNER, KIMBERLY BUTLER and STEVE KEIM**.

The Clerk of Court shall prepare for Defendants **HOWARD HARNER, KIMBERLY BUTLER and STEVE KEIM**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ STACI M. YANDLE
**United States District Judge**