IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR ASHANTI JOHNSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00398-SMY-RJD |
| | ) |
| HOWARD HARNER, | ) |
| KIMBERLY BUTLER, | ) |
| STEVE KEIM and | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**YANDLE, District Judge:**

Before the Court is Plaintiff Omar Johnson's Motion for Preliminary Injunction. (Doc. 44). Johnson is an Illinois Department of Corrections ("IDOC") inmate currently housed at Menard Correctional Center ("Menard"). His Complaint alleges that IDOC officials at Menard have unlawfully denied his requests for religious accommodations, thereby violating his rights under the First Amendment and the Religious Land Use and Institutionalized Person Act ("RLUIPA"). He now seeks a preliminary injunction requiring Menard to provide him with various kosher food items for use in a religious ceremony. A hearing was held on the motion on May 8, 2017, with Johnson in attendance in person. Based on the briefings and arguments of counsel made during the hearing, the Court issued its ruling on the record. For the following reasons and those stated on the record, Johnson's motion is **DENIED**.

*BACKGROUND*

Johnson ascribes to the Messianic Hebrew religion, a "syncretic movement that combines Christianity … with elements of Judaism and Jewish tradition[.]"[1] As part of his religious practices, Johnson follows a kosher diet and celebrates Pilgrim's Passover. IDOC officials currently provide Johnson with kosher meals.[2] However, Johnson states that he is not being provided with the necessary food items to celebrate "Pilgrim's Passover."

According to Johnson's motion Pilgrim's Passover is a "make up Passover" that runs this year from May 10, 2017 through May 17, 2017. In order to participate in the Pilgrim's Passover, Johnson seeks an injunction that would order IDOC to provide him with Matzah (unleavened bread) with each of his meals from dinner on May 10, 2017 through May 17, 2017, and one Matzah, one hard-boiled egg, one serving of raw cabbage, and one communion cup (juice) at dinner on May 10, 2017.

Defendants filed a response in opposition to Johnson's motion (Doc. 65) which includes the Declaration of Defendant Howard Harner, the current chaplain at Menard. (Doc. 65-7). In his Declaration, Harner states that "Menard currently has two boxes of Matzah and one bottle of Kosher grape juice" that were donated by the "Aleph Institute" for use by Jewish inmates during their Shabbat services. *Id*. at p. 2. Harner notes that the items are not designated for use by Messianic Hebrew inmates, and "Menard does not have an outside religious group that provides donations for Messianic Hebrews." *Id*. at p. 2.

Harner further notes that Johnson did not follow IDOC procedures for requesting a dietary modification prior to the 2017 Pilgrim's Passover. Those procedures provide:

---

[1] Wikipedia.org, *Messianic Judiaism*, https://en.wikipedia.org/wiki/Messianic_Judaism (last visited May 5, 2017).
[2] Johnson received a kosher diet from July 1, 2014, until February 24, 2015. The kosher diet was then reinstated after Johnson filed this lawsuit.

A committed person requesting a dietary modification required by a specific religious holiday or ceremony must submit a written request to the facility chaplain 45 calendar days before the holiday or ceremony. The request must contain verification that the committed person is a member of a faith group requiring the dietary modification and the specific requirements of the dietary modification. Eligibility to receive an alternative diet for a specific religious holiday or ceremony shall be determined by the facility chaplain who shall ordinarily confer with a religious leader or faith representative of the faith group at issue. The facility chaplain and religious leader or faith representative may interview the committed person.
20 Ill. Adm. Code 425.70(d). Id. at p.2.

Johnson did submit a request in 2015 which was denied. (Doc. 44-1, p. 2). He claims that shortly after having submitted the 2015 request, he was issued a disciplinary report for "us[ing] his position in the law library to utilize state property when working on state time for personal use[.]" (Doc. 1-2, p. 7). The disciplinary charge was later dismissed. However, Johnson claims that he did not submit a request for the holiday dietary modification in 2016 or 2017 because he feared that he would be subject to other disciplinary actions if he did so. (Doc. 44-1).

## *DISCUSSION*

In order to obtain a preliminary injunction, Johnson must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). Additionally, injunctions that pertain to inmates' conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), which requires that preliminary injunctive relief be narrowly drawn, extend no further than necessary to correct the harm and be the least intrusive means necessary. 18 U.S.C. § 3626.

Because Johnson did not submit a request for a religious holiday dietary modification for the 2017 Pilgrim's Passover, he failed to exhaust the available administrative remedies and

cannot satisfy the first element – likelihood of success on the merits. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Johnson argues that his failure to comply with IDOC regulations should be excused because of his "real fear of retaliation, and the apparent unavailability of the remedy to him." (Doc. 66, footnote 2). It is true that inmates are not required to exhaust administrative remedies if prison officials fail to provide them with the necessary forms or information to request the remedy in question, or otherwise prevent them from availing themselves of the process. However, "when the prisoner causes the unavailability of the…process by simply not filing a [request] in a timely manner, the process is not unavailable but rather forfeited." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2002). That is the case with respect to Johnson.

The procedures for requesting the holiday diet modification were clearly known to him and his alleged fear of retaliation based on the events of 2015 did not render them unavailable. Therefore, Johnson failed to exhaust the available administrative remedies and his motion must be denied. *See* Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 918–19, 166 L. Ed. 2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

**IT IS SO ORDERED.**

**DATED: May 19, 2017.**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**
